UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JOHN THOMAS FULKERSON, JR.                                    PLAINTIFF

v.                                          CIVIL ACTION NO. 3:09CV-392-S

STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., et al.          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the plaintiff, John Thomas Fulkerson, Jr., for leave to amend his complaint to name D'Anne M. Smith as a defendant in this action (DN 28).

This action arose from an automobile accident which occurred on November 27, 2002 in which the plaintiff, John Thomas Fulkerson, Jr., was injured. Fulkerson was insured under an automobile insurance policy issued by State Farm Mutual Automobile Insurance Company ("State Farm"). Ultimately, State Farm settled Fulkerson's underinsured motorist claim for $150,000 in April of 2008. On April 29, 2009, Fulkerson filed this action against State Farm, State Farm Claim Representative Michael Hasselbring and Unknown Defendants alleging violations of the Kentucky Unfair Claims Settlement Practices Act ("KUCSPA") and the Kentucky Consumer Protection Act ("KCPA") and common law bad faith.

Fulkerson voluntarily dismissed his claims against Hasselbring in May, 2010 (DN 37). He has also indicated in his reply brief that he is withdrawing his proposed causes of action against Smith for violation of the KCPA.[1] (Reply, p. 4).

Fulkerson seeks to add claims against Smith, a State Farm Claim Team Manager, seeking to hold her personally liable for bad faith in the handling of his claim. State Farm opposes the

---

[1] He also noted that he inadvertently included a reference to fraud in the amended complaint which was unintentional. He is asserting no such claim.

motion for leave to amend on the ground that the proposed amendment fails to state a claim upon which relief may be granted, and thus amendment would be futile. While leave to amend should be freely granted when justice so requires (Fed.R.Civ.P. 15(a)(2)), a court need not grant leave to amend when the proposed amendment would be futile. *See, Miller v. Calhoun County*, 408 F.3d 803, 817 (6th Cir. 2005).

No Kentucky court has yet decided whether an insurance adjuster may be held personally liable on a claim of bad faith. This court finds, however, that it is likely that the Kentucky Supreme Court would reject such a claim, as there is no contractual obligation of an insurance adjuster to pay the claim under the terms of the policy. *See, Wittmer v. Jones*, 864 S.W. 2d 885 (Ky. 1993)(the insurer must be obligated to pay the claim under the terms of the policy). In KUCSPA terminology, a claims adjuster would not be found to be "in the business of insurance," as the adjuster is not a person "engaged in the business of entering contracts of insurance." In *Davidson v. American Freightways, Inc.*, 25 S.W.3d 94, 98 (Ky. 2000) the Kentucky Supreme Court found that a self-insured motor carrier was not a "person" subject to liability under the KUCSPA. The court noted that "[t]he gravamen of the UCSPA is that an insurance company is required to deal in good faith with a claimant...with respect to a claim which the insurance company is *contractually obligated to pay*. Absent a contractual obligation, there simply is no bad faith cause of action, either at common law or by statute." *Id.* at 100 (emphasis in original). The court concludes that the proposed amended complaint fails to state a cognizable claim against Smith. *See, Brown v. A.I.N., Inc.*, 2008 WL 819072 (W.D.Ky. Mar. 25, 2008); *Malone v. Cook*, 2005 WL 2758091 (W.D.Ky. Oct. 25, 2005). Therefore, motion having been made and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the plaintiff, John Thomas Fulkerson, Jr., for leave to amend the complaint (DN 28) **DENIED AS FUTILE.**


**IT IS SO ORDERED.**